UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 18-13941 |
| ) | |
| Jeremy M. Bodnar ) | Chapter 13 |
| ) | |
| Debtor. ) | Judge Arthur I. Harris |
| ) | |
| ) | MOTION OF LANDLORD LEASING, INC. |
| ) | AND HOME PARTNERS, LLC FOR RELIEF |
| ) | FROM STAY AND ABANDONMENT |
| ) | |
| ) | Leasehold: 3254 Norfolk Avenue |
| ) | Lorain, Ohio 44055 |

Landlord Leasing, Inc. and Home Partners, LLC (the "Movants") move this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362. , AND FOR ABANDONMENT OF PROPERTY UNDER BANKRUPTCY CODE § 554.

MEMORANDUM IN SUPPORT

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  Debtor Jeremy M. Bodnar is in possession of 3254 Norfolk Avenue, Lorain, Ohio, 44055 ("the Premises"). Debtor is without color of title and has no rights to possession of the Premises. Home Partners, LLC is the owner of the Premises. Landlord Leasing, Inc. is the property manager for Home Partners, LLC.

3. To secure payment of the Note and performance of the other terms contained in it, the <DEBTOR(S) AND/OR OTHER PERSON(S), STATE NAME(S) IF APPLICABLE> executed a Security Agreement in favor of <STATE NAME> dated <DATE> (the "Security Agreement"). The Security Agreement granted a lien on the <DESCRIBE REAL AND/OR PERSONAL PROPERTY, INCLUDE ADDRESS IF REAL ESTATE> owned by <NAME OF DEBTOR(S) AND/OR OTHER PERSON(S), STATE NAME(S) IF APPLICABLE> (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

    ☐    attached as Exhibit B;

    OR

    ☐    contained in the Note, attached as Exhibit A.

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

    ☐    Filing of the Security Agreement in the office of the <COUNTY> County Recorder on <DATE>.

    ☐    Filing of the UCC-1 Financing Statement in the office of _____ _____ on <DATE>.

    ☐    Notation of the lien on the Certificate of Title.

    ☐    Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit <___>. Based on <STATE SOURCE OF

INFORMATION>, the lien is the <1st, 2nd, 3rd, etc.> lien on the Collateral.

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

5. The entity in possession of the original Note as of the date of this motion, is

<NAME AND ADDRESS OF PERSON OR ENTITY IN POSSESSION OF ORIGINAL NOTE>.

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

6. The entity servicing the loan is: <the Movant, OR NAME OF SERVICER, OR

N/A>.

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

7. The Note was transferred, as evidenced by the following:

   a. If the Collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

         ☐ N/A.

         OR

         ☐ By endorsement on the Note,
            payable to_____.

         OR

☐     By blank endorsement on the Note.

OR

☐     By allonge attached to the Note, payable to_____.

OR

☐     By blank allonge, attached to the Note.

OR

☐     The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):
_____
_____
_____.

OR

☐     By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <___>. Explain why it provides Movant the authority to endorse the Note:
_____
_____
_____.

<ii.     Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

<iii.     A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.>

4

    &lt;iv. Other_____ [explain].&gt;

  b. If the Collateral is not real estate (check one):

    ☐ N/A.

    OR

    ☐ From the original lender to &lt;FIRST TRANSFEREE&gt; by &lt;STATE METHOD OR DOCUMENT EFFECTING TRANSFER&gt; [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

  **THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

  8. The Security Agreement was transferred as follows (check one):

    ☐ N/A.

    OR

    ☐ From the original lender, mortgagee, or mortgagee's nominee on &lt;DATE&gt; to &lt;FIRST TRANSFEREE&gt;. The transfer is evidenced by the document(s) attached to this Motion as Exhibit &lt;___&gt;. [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

  **THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

  9. The value of the Collateral is &lt;$AMOUNT&gt;. This valuation is based on &lt;DESCRIBE MANNER OF VALUATION&gt;.

18-13941-aih Doc 8 FILED 07/05/18 ENTERED 07/05/18 15:17:13 Page 5 of 9

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

10. As of the date of this Motion, there is currently due and owing on the Note the outstanding principal balance of <AMOUNT> , plus interest accruing thereon at the rate of <____%> per annum [$_____ PER DAY] from <DATE>, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

11. The amount due and owing on the Note as set forth in paragraph 10 <DOES/DOES NOT> include a credit for the sum held in a suspense account by the Movant. The amount of the credit is <AMOUNT OR N/A>.

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

■ N/A.

☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of $<AMOUNT>.

☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.

☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE

AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13. The Movants are entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: <EXPLAIN> .

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

☐ Debtor has failed to make periodic payments to Movant for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

☐ Debtor has no equity in the Collateral, because the Collateral is valued at _____, and including the Movant's lien, there are liens in an aggregate amount of _____ on the Collateral.

■ Other cause (set forth with specificity): The Debtor Jeremy M. Bodnar is in possession of the Premises, is without color of title, has no rights to possession and has failed to make monthly land installment contract payments to Movants for the months of June 1, 2017 through July of 2018 and owes the sum of $5,645.64.

14. Movant has completed the worksheet, attached as Exhibit <\_\_\_\_>.

**THIS PARAGRAPH IS INCLUDED IN THIS MOTION IN ORDER TO COMPLY WITH THE OFFICIAL FORM. ITS CONTENT IS LEFT BLANK BECAUSE IT DOES NOT PERTAIN TO THE REASONS THAT RELIEF FROM STAY IS SOUGHT BY THIS MOTION.**

< 15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

☐ The Collateral is burdensome to the estate because_____.

■ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

16. The balance of this motion does not comport with the official form motion for relief from stay because it does not address a secured transaction.

17. Movants say that the trustee has until September 2, 2018 to assume or reject the Debtor's leasehold interest/land installment contract, but it is unlikely that the trustee will assume the leasehold interest/land contract. The Debtor has no right to assume or reject the leasehold interest/land contract.

18. Pursuant to 11 U.S.C. §362(d), on request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under Subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay with respect to an act against property if the debtor does not have an equity such property and such property is not necessary to an effective reorganization.

19. Movants say that the debtor's interest is only a possessory interest in which he cannot and does not have equity. The debtor is not a party to the land contract and is only in possession of the Premises. He is not a titled owner and has no rights to possession of the Premises.

20. Movants say that they have not attached the worksheet, Exhibit C, that usually accompanies a motion for relief from as the same is not applicable to the issues raised in this motion.

WHEREFORE, Landlord Leasing, Inc. and Home Partners, LLC pray for an order from the court granting movant relief from the automatic stay of Bankruptcy Code §362 to permit Movants to proceed under applicable non-bankruptcy law and authorizing and directing the Chapter 13 trustee to abandon the estate's interest in the leasehold/land installment contract under Bankruptcy Code §554.

Respectfully submitted,

/s/ Brian G. Dattilo
Brian G. Dattilo (#0074021)
TRIGILIO, STEPHENSON & DATTILO, P.L.L.
5750 Cooper Foster Park Road, W, #102
Lorain, Ohio 44053
(440) 988-9500
(440) 988-9511 [facsimile]
Brian@TSOhiolaw.com
Attorney for Movants

CERTIFICATE OF SERVICE

       The undersigned certifies that on the 5th day of July, 2018, a true and correct copy of the foregoing Motion of Landlord Leasing, Inc. and Home Partners, LLC's for Relief from Stay and Abandonment was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Lauren A. Helbling, Esq.
200 Public Square, Suite 3860
Cleveland, OH 44114-2321

Jeremy M. Bodnar
3254 Norfolk Avenue
Lorain, Ohio 44055

                                                /s/ Brian G. Dattilo
                                                Brian G. Dattilo (#0074021)
                                                Attorney for Movants